UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

FILED
NOV 29 2004

| | | |
|---|---|---|
| DAVID SLETTING, | * | CIV. 04-1026 |
| Plaintiff, | * | |
| v. | * | COMPLAINT AND JURY DEMAND |
| MANHATTAN LIFE INSURANCE COMPANY, CENTRAL UNITED LIFE INSURANCE COMPANY, AND THEIR PREDECESSORS AND SUCCESSORS IN INTEREST, | * | |
| Defendants. | * | |

Plaintiff complains and alleges:

1. Plaintiff David Sletting is and has been at all relevant times resident and citizen of the State of South Dakota.

2. Defendant Central United Life Insurance Company, hereinafter "Central," is an operating company of Manhattan Life Insurance Company, is and at all relevant times has been a corporation organized and existing under the laws of a state of the United States other than the State of South Dakota, having its principal place of business in a state other than the State of South Dakota.

3. Defendant Manhattan Life Insurance Company, hereinafter "Manhattan," is and all relevant times has been a corporation organized and existing under the laws of a state of the United States other than the State of South Dakota, having its principal place of business in a state other than the State of South Dakota.

4. Plaintiff David Sletting, hereinafter "Sletting," purchased a contract of injury and sickness income replacement insurance and a contract of business expense reimbursement from the Prairie States Life Insurance Company in 1985. Prairie States Life Insurance Company was assumed by the Life of America Insurance Company and all liability and obligations existing under the policy were transferred to the Life of America Insurance Company on November 1, 1988.

5. The Life of America Insurance Company was assumed by its wholly-owned subsidiary, Central United Life Insurance Company, on September 30, 1993.

6. The amount in controversy between Plaintiff Sletting and Defendants, exclusive of interest and costs, exceeds the sum of $75,000.00.

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 inasmuch as the Plaintiff and the Defendants are citizens of different states.

8. Venue is proper under 28 U.S.C. § 1391(b) because Plaintiff Sletting resides in this district and the claim occurred in this district.

9. That on or about March 22, 1985, Defendants issued a contract of injury and sickness income replacement insurance to Plaintiff Sletting. The contract period was from March 22, 1985 until the present.

10. The contract provided injury and sickness income replacement insurance for injury and sickness income, social insurance benefits and costs of living endorsements to age 65. The policy number for this policy is 502306.

11. That on or about March 22, 1985, Defendants issued a contract of insurance to Plaintiff Sletting for business expense reimbursements and guarantee of future insurability to the age of 65. The contract period was from March 22, 1985 until the present. The policy number for this policy is 580100.

12. That on or about May 1, 2000, Plaintiff Sletting became completely and totally disabled from carrying out any occupation including, but not limited to, being a dentist.

13. As a result of the complete and total disability of Plaintiff Sletting, he was unable to continue his private practice of dentistry.

14. As a result of the complete and total disability of Plaintiff Sletting, he has incurred in the past and continues to incur business expenses for which the Defendants have failed to reimburse him.

## COUNT I – BREACH OF CONTRACT

15. Plaintiff incorporates herein by reference the allegations set forth in Paragraphs 1-14.

16. Plaintiff Sletting promptly reported this claim to Defendants and Defendants denied the claims of the Plaintiff claiming that no additional benefits are payable pursuant to their contract of insurance.

17. Defendants, and each of them, breached their respective policies of insurance with Plaintiff Sletting by failing to provide him with the indemnity benefits owed.

18. As a proximate result of the breach of contract of insurance benefits owed to Plaintiff Sletting he has been greatly damaged, and that, among other things:

    A. He has incurred loss of the policy benefits to which he is entitled;

    B. He has incurred attorney's fees;

    C. He has incurred and will incur expenses in pursuing his claims for benefits;

    D. He is entitled to legal interest with respect to his losses; and

    G. He has incurred other economic loss.

## COUNT II—BAD FAITH BREACH OF CONTRACT

19. Plaintiff incorporates herein by reference the allegations set forth in Paragraphs 1-18.

20. There was no reasonable basis for the denial of Plaintiff Sletting's claim for both policy benefits pursuant to the policies for the Plaintiff's covered losses for injury and sickness, income replacement and business expense reimbursements.

21. Defendants knew that they had no reasonable basis for denial of these policy benefits.

22. Plaintiff Sletting's attorney pointed out to Defendants evidence demonstrating that there was no reasonable basis for its denial, but such evidence was totally ignored by the Defendants.

23. As a result of the bad faith denial of insurance benefits on the part of Defendants as herein alleged, Plaintiff Sletting incurred substantial income losses and business expense losses for which he had no other insurance coverage available.

24. As a proximate result of bad faith denial of insurance benefits, Plaintiff Sletting has been greatly damaged, and that, among other things:

A. He has incurred loss of the policy benefits which he is entitled;

B. He has incurred attorney's fees;

C. He has incurred and will incur expenses in pursuing his claims for benefits;

D. He has been humiliated and embarrassed;

E. He has suffered emotional distress;

F. He is entitled to legal interest with respect to his losses; and

G. He has incurred other economic loss.

COUNT III-PUNITIVE DAMAGES

25. Plaintiff incorporates herein by reference the allegations contained in Paragraphs 1-24.

26. In committing the wrongful acts herein alleged the Defendants have been guilty of oppression, fraud or malice, actual or presumed, committed intentional or by willful or wanton misconduct in disregard of humanity; and an assessment of punitive damages against the Defendants must be made in this proceeding.

WHEREFORE, Plaintiff demands judgment against Defendants, and each of them, and their predecessors and successors in interest, as follows:

1. For his compensatory damages in such sum that will fairly and fully compensate him for all loss and damage sustained by him.

2. For an assessment of punitive damages against the Defendants, and each of them, and in favor of the Plaintiff.

3. For such other and further relief as the Court deems just and equitable in the premises.

Dated this 24 day of November, 2004.

SIEGEL, BARNETT & SCHUTZ, L.L.P.

Renee H. Christensen
Attorneys for Plaintiff
415 North Main Street, 400 Capitol Building
PO Box 490
Aberdeen, SD 57402-0490
Phone: 605-225-5420
Fax: 605-226-1911
e-mail: rchristensen@sbslaw.net

5

## JURY DEMAND

Plaintiff by and through counsel hereby demands a trial by jury on all issues herein.

Dated this __24__ day of November, 2004.

                              Renee H. Christensen
                              415 North Main Street, 400 Capitol Building
                              PO Box 490
                              Aberdeen, SD 57402-0490
                              Phone: 605-225-5420
                              Fax: 605-226-1911
                              rchristensen@sbslaw.net